NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN VICTOR GLASSCOCK, *Appellant*.

No. 1 CA-CR 20-0528
FILED 7-22-2021

Appeal from the Superior Court in Maricopa County
No. CR 2018-140001-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1 This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. John Glasscock was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Glasscock, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 In August 2018, Glasscock was driving a vehicle with a temporary, paper license plate taped to the back window. Glasscock had bought the vehicle a few weeks before. Officer Jason Kline, on his routine patrol, observed Glasscock's vehicle and was unable to read the temporary paper plate. He initiated a traffic stop.

¶3 After being pulled over, Glasscock told Officer Kline that his driver's license was suspended. The officer asked if there were any weapons in the vehicle, and both Glasscock and his passenger answered "no." Officer Kline arrested Glasscock for driving with a suspended license. He then began preparing to impound Glasscock's vehicle. At some point, police back-up arrived, and the officers began to inventory the contents of the vehicle. Officer Juan Gonzales noticed the "back end of a metal piece" in the driver's door panel, partially obscured by miscellaneous papers. After removing the papers, Officer Gonzales discovered the item was an approximately 11-inch knife.

¶4 Officer Kline transported Glasscock back to the Glendale city jail for processing. After reading him his Miranda rights, Officer Kline interviewed Glasscock. During the interview, Officer Kline told Glasscock "You know you're not supposed to possess certain weapons then, right?" Glasscock responded, "All I had was a knife." Glasscock then explained that he did not remember that the knife was in the car when he told Officer

Kline that there were no weapons in the vehicle. Officer Kline asked, "So that's your knife?" Glasscock responded, "Yes sir."

¶5        The State charged Glasscock with possession of a deadly weapon while a prohibited possessor—a "misconduct involving weapons" charge and a class 4 felony. A.R.S. § 13-3102(A)(4), (M). In an amendment to the information, the state alleged five historical, non-dangerous felony convictions. At trial, the State called Sergeant Jeff Daukas, who testified as a knife expert. He opined that the knife recovered from the vehicle was a type of survival knife designed for lethal use. Glasscock testified that he purchased the vehicle from the previous owner, and that Glasscock's girlfriend found the knife in the driver's side door. He testified that he asked his girlfriend to throw the knife out, assumed that she had done so, and did not know the knife was still in the door until he watched police remove it from the car. He claimed to have never physically handled the knife. He also explained that he told Officer Kline the knife was his because he did not want the police to think it belonged to the passenger.

¶6        Glasscock did not appear for the last day of trial. The court implicitly found Glasscock's absence to be without good cause and proceeded in absentia. After closing arguments, the jury convicted Glasscock on the weapons misconduct charge. Glasscock was apprehended shortly after, and sentencing was scheduled.[1] Before sentencing, the court found that Glasscock had five prior felony convictions. The court sentenced Glasscock as a category 3, repetitive-offender, giving him a mitigated prison term of 8 years with 271 days of presentence incarceration credit. Glasscock timely appealed.

¶7        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Glasscock was present and represented by counsel at all critical stages of the proceedings against

---

[1]        Under A.R.S. § 13-4033(C), a defendant may waive his right to an appeal if his absence causes sentencing to occur more than 90 days after conviction. In this case, sentencing occurred about nine months after the verdict. Arguably, this delay was partially Glasscock's fault because he failed to appear for the final day of trial, although sentencing was also continued several times due to COVID-19. However, for § 13-4033(C) to bar an appeal, the superior court must make a finding at sentencing that the defendant "knowingly, voluntarily, and intelligently waived his right to appeal." *State v. Nunn*, 250 Ariz. 366, 369, ¶ 9 (App. 2020). Because the superior court made no such finding at sentencing, § 13-4033(C) does not bar Glasscock's appeal.

him, except for the final day of trial. However, the court implicitly found that Glasscock's absence was without cause, holding trial in absentia. Thus, Glasscock waived his right to be present. Ariz. R. Crim. P. 9.1. The evidence presented at trial supports the conviction, and the sentence imposed by the court falls within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Glasscock's constitutional and statutory rights. Therefore, we affirm Glasscock's conviction and sentence.

¶8　　　　　　Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Glasscock of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).　Glasscock has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:　AA

4